IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLIFFORD SKINNER,** *Plaintiff*, <br><br> v. <br><br> **ANNA HADLOCK,** *Defendant*. | **CIVIL ACTION NO. 22-3087** |

MEMORANDUM

BAYLSON, J.                                                                                    NOVEMBER 10, 2022

## I.  INTRODUCTION

Plaintiff Clifford Skinner brings claims against Defendant Anna Hadlock for abuse of process, intentional infliction of emotional distress, false arrest and false imprisonment, and malicious prosecution.  Skinner alleges that Hadlock falsely accused him of raping her in September 2018 while Hadlock was a graduate student in the University of Pennsylvania's Masters of Social Work program.  Skinner, who was the program counselor at a housing-for-the-homeless social work program and Hadlock's graduate assignment supervisor at the time, was arrested in January 2019 and incarcerated for nearly two years while awaiting trial.  In December 2021, Skinner's criminal trial commenced; at the end of Hadlock's testimony and before the end of the prosecutor's case, the prosecutor moved to withdraw the case with prejudice due to new evidence produced at trial.  The trial judge granted the motion and Skinner's criminal case was terminated.  Skinner now brings the above claims against Hadlock.  Hadlock also maintains a civil suit in state court against the housing program and the University of Pennsylvania, which she filed in December 2018.

1

On June 15, 2022 Skinner filed a complaint in Philadelphia's Court of Common Pleas alleging all the claims mentioned above including invasion of privacy and defamation. Hadlock's mother was served notice of the suit on July 11, 2022 at Hadlock's home address in Lebanon, New Hampshire and Hadlock was informed of the complaint. Skinner filed a Praecipe to Reinstate Complaint on July 27, 2022. Hadlock then removed the case to this Court under diversity jurisdiction on August 4, 2022. Hadlock filed her first Motion to Dismiss on August 11, 2022. Skinner filed an Amended Complaint on September 1, 2022, dropping the invasion of privacy and defamation claims, and the Court denied Hadlock's motion as moot. Hadlock filed this Motion to Dismiss Amended Complaint on September 13, 2022. Skinner filed a Response in Opposition on September 27, 2022 and Hadlock filed a Reply on October 4, 2022. Because Hadlock raised a statute of limitations argument for the first time in her Reply, the Court granted leave for Skinner to file a sur-reply addressing that new defense; however, no sur-reply was filed.

Hadlock argues that Skinner's claims must be dismissed under F.R.C.P. 12(b)(6) because:

(1) initiation of criminal proceedings cannot amount to abuse of process;

(2) Hadlock's rape allegations are not sufficiently extreme or outrageous to constitute an IIED claim, nor does Skinner adequately plead the necessary physical injury component of the claim;

(3) the existence of probable cause precludes Skinner's malicious prosecution and false arrest/imprisonment claims;

(4) Skinner admits that the criminal proceedings were brought for a proper purpose, defeating the malicious prosecution and false arrest/imprisonment claims, and;

(5) some of Skinner's claims are time-barred.

For the following reasons, the Court will grant Hadlock's motion as to the false arrest and false imprisonment claims but will deny the motion as to the abuse of process, malicious prosecution and IIED claims.

## II. JURISDICTION

This Court has jurisdiction to hear this case under 28 U.S.C. § 1332 diversity jurisdiction because the parties are diverse (Skinner is a citizen of Pennsylvania and Hadlock is a citizen of New Hampshire) and the amount in controversy exceeds $75,000.

## III. CHOICE OF LAW

A federal court sitting in diversity must apply the choice of law rules of the forum state; in this case, Pennsylvania choice-of-law rules apply. Compagnie des Bauxites de Guinee v. Argonaut-Midwest Ins. Co., 880 F.2d 685, 688 (3d Cir. 1989) (citing Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941)). Pennsylvania follows the Restatement (Second) of Conflict of Laws and applies a flexible rule which allows the law of the state with the "most interest in the problem" to prevail. Hammersmith v. TIG Ins. Co., 480 F.3d 220, 227 (3d Cir. 2007) (Baylson, J.) ("[T]he Pennsylvania Supreme Court expressly abandoned the "lexi loci delicti" rule "in favor of a more flexible rule which permits analysis of the policies and interests underlying the particular issue before the court.") (citing Griffith v. United Air Lines Inc., 203 A.2d 796, 805-06 (Pa. 1964) (analyzing choice of law issues arising in tort actions)).

Only Hadlock addressed the choice-of-law issue in her briefing, although neither side provided any analysis as to whether Pennsylvania or New Hampshire law should apply here. Given the lack of argument from the parties and the importance of a fuller factual record in making choice-of-law determinations, the Court will hold off deciding this issue until its resolution is ripe and necessary. See Foisie v. Worcester Polytechnic Inst., 967 F.3d 27, 42-43 (1st Cir. 2020) ("[A]

3

district court is well-advised to refrain from making an immediate choice-of-law determination" where "discovery will likely illuminate critical facts bearing on . . . the ultimate question of which state's law should apply").

### IV. FAILURE TO STATE A CLAIM ANALYSIS

In considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court "accept[s] all factual allegations as true [and] construe[s] the complaint in the light most favorable to the plaintiff." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (internal quotations and citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although a court must accept as true all factual allegations contained in a complaint, this requirement does not apply to legal conclusions; therefore, pleadings must include factual allegations to support the legal claims asserted. Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Twombly, 550 U.S. at 555); see also Phillips v. Cty. of Allegheny, 515 F.3d 224, 232 (3d Cir. 2008) (citing Twombly, 550 U.S. at 556 n.3) ("We caution that without some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests.")). Accordingly, to survive a motion to dismiss, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

### A. Count I: Abuse of Process Claim

To state a claim for abuse of process under Pennsylvania law, the plaintiff must show (1) that the defendant used a legal process against the plaintiff, (2) primarily to accomplish a purpose for which the process was not designed, and (3) harm has been caused to the plaintiff. Clausi v. Stuck, 74 A.3d 242, 248-49 (Pa. Super. Ct. 2013) (quoting Shiner v. Moriarty, 706 A.2d 1228, 1236 (Pa. Super. Ct. 1998), appeal denied, No. 0233 W.D.ALLOC. 1998, 729 A.2d 1130 (Pa. Oct. 22, 1998)).

Pennsylvania state claims for abuse of process and malicious prosecution are "separate and distinct." McGee v. Feege, 535 A.2d 1020, 1023 (Pa. 1987) (citing Publix Drug Co. v. Breyer Ice Cream Co., 32 A.2d 413, 415 (Pa. 1943)). The former is "a perversion of a process after it is issued" and the latter is "the wrongful initiation of such process." McGee, 535 A.2d at 1023. When looking at abuse of process, it "is not . . . the wrongful initiation of criminal or civil proceedings; it is the misuse of process, no matter how properly obtained, for any purpose other than that which it was designed to accomplish." Lerner v. Lerner, 954 A.2d 1229, 1238 (Pa. Super. Ct. 2008) (quoting Rosen v. Am. Bank of Rolla, 627 A.2d 190, 192 (Pa. Super. Ct. 1993)). Importantly, the Pennsylvania Supreme Court has characterized that "[t]he improper purpose usually takes the form of coercion to obtain a collateral advantage, not properly involved in the proceeding itself. . . . There is, in other words, a form of extortion, and it is what is done in the court of negotiation, rather than the assurance of the process itself, which constitutes the tort." Matter of Larsen, 616 A.2d 529, 592-93 (Pa. 1992), abrogated on other grounds, In re Angeles Roca First Judicial Dist. Phila. Cty., 173 A.3d 1176, 1184 (Pa. 2017) (citing PROSSER AND KEETON ON TORTS, §131 at 897 (5th ed. 1984)).

Skinner alleges that Hadlock initiated and maintained the criminal proceeding against Skinner primarily to bolster Hadlock's civil case against the University of Pennsylvania and the DePaul USA housing program. Skinner alleges that Hadlock hired a plaintiff's law firm to pursue a civil action (not against Skinner) before reporting anything to the police and that when Hadlock finally went to the police, she showed them text messages she had intentionally fabricated to support her claims. Skinner argues this shows Hadlock abused the criminal justice system while knowing she had consented to having sex with Skinner, all to put additional pressure on her civil case opponents.

Hadlock argues her mere initiation of process is not enough to support a claim of abuse of process. In support of this argument, Hadlock cites to Greenberg v. McGraw, a state intermediate appellate court decision that upheld dismissal of a plaintiff doctor's abuse of process claim against his physician's assistant who sought to have plaintiff disbarred by filing a series of offensive and allegedly fraudulent allegations to Pennsylvania's board of medicine. Greenberg v. McGraw, 161 A.3d 976 (Pa. Super. Ct. 2017). In upholding dismissal, the Greenberg court emphasized that the physician's assistant merely "initiated" proceedings against plaintiff and did not "pervert the legal process after its issuance," noting that the PA refused to testify to substantiate the allegations from her report. Id. at 991 (emphasis omitted).

But Hadlock did much more than initiate proceedings here—Skinner alleges that she testified against him at a preliminary hearing and at his criminal trial. It wasn't until cross-examination at the criminal trial itself that the prosecutor learned of evidence suggesting Hadlock fabricated her text messages, which resulted in the prosecutor moving to terminate the criminal action with prejudice before he had even finished presenting his case. See Ex. A, Plf. Resp. Br. (Doc. No. 11-1). According to the Amended Complaint, Hadlock had already been confronted

6

with the same evidence produced by Skinner's criminal trial cross-examination at her earlier deposition in her civil case, indicating that she did not inform the prosecutor about the new exculpatory evidence prior to the criminal trial.

Hadlock seems to argue in her brief that the prosecutor's withdrawal of the criminal case is irrelevant because she would have objected to withdrawing the case if the prosecutor had consulted with her.  However, if based on fraud, this argument would appear to indicate a further 'perversion' of proceedings on Hadlock's part.

Hadlock also argues that the objective of initiating a criminal proceeding is inherently to prosecute a crime and therefore there is no way she can be seeking to 'accomplish a purpose for which the process was not designed.'  The Court does not find this argument persuasive because the question is not whether Hadlock sought a successful prosecution but <u>why</u> she sought a successful prosecution.  And to a greater extent, while its obvious that there may be instances where a victim does not intend to fully prosecute a criminal case, Hadlock's literal characterization of the statutory factors would essentially bar any abuse of process claim if related to criminal proceedings.

While Hadlock may be right that this is a case of first impression, Skinner's allegation that Hadlock pursued criminal proceedings against him to bolster a collateral civil case seeking a money award against other parties appears to square with the type of 'extortion' contemplated by the highest court in the state in <u>Matter of Larsen</u>, <u>supra</u>.  An abuse of process claim brought against a victim who initiated and helped maintain a criminal proceeding against her accused attacker may appear novel, but the facts as alleged in this case meet the standard to survive this motion absent a precedential case saying otherwise.

Hadlock's final argument for dismissing Skinner's abuse of process claim is that the claim is time-barred by Pennsylvania's two-year statute of limitations. 42 Pa. C.S.A. § 5524(1). ("[A]buse of process" claims "must be commenced within two years"). Hadlock cites to a few cases in support of her assertion that the clock began to run either when she first met with police, when she first presented evidence to police or when Skinner was arrested. First, none of the cases cited by Hadlock address abuse of process specifically. Instead, the Court finds persuasive P.J.A. v. H.C.N., under which a Pennsylvania intermediate appellate court affirmed the trial court's holding that plaintiff's abuse of process claim accrued "on the date the alleged abuse occurred," which in that case was on the date when defendant filed allegedly false allegations against plaintiff. P.J.A. v. H.C.N., 156 A.3d 284, (Pa. Super. Ct. 2017). Consistent with P.J.A., the Court finds that the last alleged abuse occurred when Hadlock testified in Skinner's criminal trial, which occurred in December 2021. Skinner filed his original Complaint in state court on June 15, 2022, well within the two-year deadline. Therefore, Skinner's abuse of process claim is not time-barred.

Here, Skinner has pled adequate facts given the timing of the civil filing and Hadlock's allegedly false communications with police to suggest that Hadlock's primary intention was to win the civil award for which the criminal proceeding would be supportive, as opposed to the civil award being derivative of or even secondary to a successful criminal proceeding. Hadlock's motion to dismiss will be denied as to the abuse of process claim.

### B. Count II: Intentional Infliction of Emotional Distress

Under Pennsylvania law, a claim for intentional infliction of emotional distress requires that the plaintiff show (1) the conduct was extreme and outrageous; (2) the conduct was intentionally reckless; (3) the conduct caused emotional distress; (4) and the distress was severe. Eck v. Oley Valley Sch. Dist., No. 19-1873, 2019 WL 3842399, at *8 (E.D. Pa. Aug. 15, 2019)

(Kearney, J.); see also Hart v. O'Malley, 647 A.2d 542, 554 (Pa. Super. Ct. 1994), aff'd, 676 A.2d 222 (Pa. 1996). Some courts have also required a physical injury element for IIED under Pennsylvania law; however, those courts have also stated that physical injury can be manifested by symptoms of mental harm. Capriotti v. Rockwell, No. 19-3136, 2020 WL 12630541, at *10 (E.D. Pa. Jan 7, 2020) (Sanchez, C.J.) (citing Rolla v. Westmoreland Health Sys., 651 A.2d 160, 163 (Pa. Super. Ct. 1994)); Corbett v. Morgenstern, 934 F.Supp. 680, 684-85 (E.D. Pa. 1996); Armstrong v. Paoli Mem. Hosp., 633 A.2d 605, 609 (Pa. Super. Ct. 1993); Love v. Cramer, 606 A.2d 1175, 1179 (Pa. Super. Ct. 1992); cf. Schmidt v. Boardman Co., 11 A.3d 924, 956 n.2 (Pa. 2011) (Baer, J., concurring) ("[I]t remains an open question in Pennsylvania as to whether physical manifestation of an emotional injury is a prerequisite to recovery in a[] [negligent infliction of emotional distress] setting"). Courts have recognized valid IIED claims at the motion to dismiss stage related to allegedly false accusations of sexual assault or rape. Hungerford v. Jones, 988 F.Supp.22, 27 (D.N.H. 1997); Roberts v. Toal, No. 94-0608, 1995 WL 51678 (E.D. Pa. Feb 8, 1995) (Rendell, J.).

Hadlock argues that false statements are not "extreme and outrageous," that Hadlock's false statements have immunity under judicial privilege and that there is no case law upholding an IIED claim based on defamatory language. The Court will address each argument in turn.

First, Hadlock recognizes that "[i]t is for the court to determine in the first instance whether the conduct is extreme and outrageous." Eck, No. 19-1873, 2019 WL 3842399, at *8 (quoting Small v. Juniata College, 682 A.2d 350, 355 (Pa. Super. Ct. 1996)). The Court finds that a campaign of lying maintained over a period of time allegedly to bolster a civil case initiated earlier, which results in a person's extended incarceration, can constitute extreme and outrageous behavior. See Roberts, No. 94-0608, 1995 WL 51678, at *8 (finding allegedly false rape

allegations which resulted in plaintiff's incarceration could constitute extreme and outrageous behavior).

Second, judicial privilege does not apply here because Skinner is no longer claiming defamation. Importantly, communications that form the basis of an abuse of process or malicious prosecution claim may naturally come during judicial proceedings, as a portion of the communications did in this case. Hadlock's invocation of the judicial privilege is therefore misplaced—Skinner does not seek liability for Hadlock's statements based on reputational injury, but based on physically manifested emotional injury related to his incarceration. Greenberg, 161 A.3d at 989 (judicial privilege does not apply to claims for abuse of process).

Third, Hadlock's reference to Hill v. Cosby, a defamation case involving statements in defense against a plaintiff's rape allegations, is also misplaced for the same reasons—plaintiff in that case coupled her IIED claim with one of defamation. Hill v. Cosby, No. 15-1658, 2016 WL 491728 (W.D. Pa. Feb. 9, 2016).

Because the Court finds that Skinner has adequately pled that Hadlock's actions were extreme and outrageous, intentionally reckless and caused severe emotional distress accompanied by physical manifestation of injury, the Court will deny the motion to dismiss as to Skinner's IIED claim.

### C. Count III: False Arrest and Imprisonment

Skinner lumps claims for false arrest and false imprisonment in the same count in his Amended Complaint, and because the Court finds they can both be dismissed as time-barred, the Court addresses both here.

Skinner's false arrest and false imprisonment claims are governed by Pennsylvania's two-year statute of limitations. 42 Pa. C.S.A. § 5524(1) ("[F]alse imprisonment" and "false arrest" claims "must be commenced within two years").

At what point did the two-year countdown begin? The Pennsylvania Supreme Court has not decided this for claims of false arrest or imprisonment. However, Pennsylvania's intermediate appellate court has held that these causes of action accrue at the time the plaintiff is arrested, and the Court finds this holding persuasive. See Moore v. McComsey, 459 A.2d 841, 843 (Pa. Super. Ct. 1983); see also Williams v. City of Philadelphia, No. 96-3528, 1997 WL 598013, at *3 (E.D. Pa. Sept. 17, 1997) (Pollak, J.) (citing Moore for the proposition that "both false arrest claims and false imprisonment claims accrue at the time of arrest"). "[I]n the absence of any indication that the highest court would rule otherwise, decisions of intermediate appellate courts are evidence of state law and must be given significant weight." Young v. City of Philadelphia, 744 F.Supp.673, 675 n.2 (E.D. Pa. 1990) (Van Antwerpen, J.) aff'd, 931 F.2d 53 (3d. Cir 1991) (plaintiff's state false arrest and imprisonment claims accrued at time of arrest).

According to Skinner's Amended Complaint, he was arrested in January 2019. Again, Skinner filed his original Complaint in state court at least three years later on June 15, 2022. Therefore, Skinner's false arrest and imprisonment claims are time-barred and should be dismissed.[1]

### D. Timing of Defendant's Statute of Limitations Argument

The Court must address the 'timing' of Hadlock's statute of limitations argument. While statute of limitations defenses are usually raised in an answer and not a Rule 12 motion, the Third Circuit generally allows for statute of limitations defenses to be raised in motions to dismiss. See Viney v. Jenkintown Sch. Dist., 51 F.Supp.3d 553, 555 (E.D. Pa. 2014) (Goldberg, J.) (citing

---

[1] Because New Hampshire has a personal injury torts statute of limitations of three years, Skinner's claims would be time-barred under New Hampshire law as well and there is no choice-of-law issue regarding this defense. N.H. Rev. Stat. Ann. § 508:4.

Hanna v. U.S. Veterans' Admin. Hosp., 514 F.2d 1092, 1094 (3d Cir. 1975)); see also Greiser v. Drinkard, No. 21-1879, 2022 WL 412946, at *3 n.5 (3d Cir. Feb. 10, 2022).

However, Hadlock did not raise this defense in an answer or in a responsive motion—she raised it for the first time in a reply brief for her motion to dismiss. The Third Circuit has not provided guidance on defenses raised for the first time in a reply brief at the trial stage, but it has held that arguments raised for the first time in a reply brief at the appellate stage will not be considered by the appellate court. Barna v. Bd. Of Sch. Directors of Panther Valley Sch. Dist., 877 F.3d 136, 146 (3d Cir. 2017) ("Nor will we reach arguments raised for the first time in a reply brief or at oral argument") (Chagares, J.) (citing In re Surrick, 338 F.3d 224, 237 (3d Cir. 2003) (Roth, J.)). Some district courts have also applied this rule to briefing at the trial stage. Lett v. Southeastern Pennsylvania Transportation Auth., No. 19-3170, 2020 WL 12702548, at *2 n.2 (E.D. Pa. June 11, 2020) (Marston, J.) (refusing to consider argument first raised in reply brief for motion to dismiss); Baker v. Pennsylvania Economy League, Inc. Retirement Income Plan, 811 F.Supp.2d 1136, 1144 n.7 (E.D. Pa. 2011) (Brody, J.) (motion to dismiss); D'Alessandro v. Bugler Tobacco Co., No. , 2007 WL 130798, at *2 (D.N.J. Jan. 12, 2007) (Simandle, J.) (motion to dismiss).

While the Court finds that the decisions cited above permit the Court to refrain from considering Hadlock's late-raised defense, the Court finds it has discretion to grant leave to the non-moving party to file a sur-reply to properly address a late-raised defense. See Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 653 (3d Cir. 2003) (approving district court's decision to allow non-moving party to file a sur-reply to address late-raised argument at motion to dismiss stage). Because the Court found that no new facts were alleged in Hadlock's Reply, that Skinner's rights would not have been affected by the Court's consideration of the late-raised defense aside from

the merit of his claims, and that Skinner did not object, the Court appropriately considered Hadlock's statute of limitations defense in resolving this motion to dismiss.

### E. Count IV: Malicious Prosecution

Under Pennsylvania law, a claim for malicious prosecution requires the plaintiff show (1) defendant initiated a criminal proceeding, (2) the criminal proceeding ended in the plaintiff's favor, (3) the proceeding was initiated without probable cause, and (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice. Gentles v. Portock, No. 19-0581, 2022 WL 4586136, at *6 (E.D. Pa. Sept. 29, 2022) (Jones, J.); Burke v. Kubicek, No. 1015-EDA-2020, 2021 WL 4307031, at *2 (Pa. Super. Ct. Sept. 22, 2021).

Hadlock argues that she did not act maliciously by initiating the criminal proceeding against Skinner and, alternatively, that probable cause existed for the prosecution, vitiating Skinner's claim. She argues that that Skinner's having had sex with her multiple times, Skinner's position as supervisor over her and Skinner's prior criminal history are sufficient on their own to satisfy probable cause. On the other hand, Skinner argues that any probable cause supporting his arrest and prosecution was based on falsified information from Hadlock in the form of her false statements and fabricated evidence.

At the outset, the Court notes that despite the potential merit of Hadlock's arguments, courts are cautious to dismiss claims that probable cause existed to arrest this early in the litigation and before any discovery has occurred. "Courts should exercise caution before granting a defendant summary judgment in a malicious prosecution case when there is a question of whether there was probable cause for the initiation of the criminal proceeding because, 'generally, the existence of probable cause is a factual issue.'" Halsey v. Pfeiffer, 750 F.3d 273, 299 (3d Cir. 2014) (quoting Groman v. Twp. of Manalapan, 47 F.3d 628, 635 (3d Cir. 1995). It is important to

note that identification may provide probable cause where "[t]here were no allegations that the identifications were falsified, dishonest, biased or prejudicial." Petaccio v. Davis, No. 02-4000, 76 Fed.App'x. 442, 445 (3d Cir. Sept. 29, 2003). However, there are similar cases with arguably more evidence where courts have refused to dismiss or grant summary judgment on a plaintiff's malicious prosecution claim. Halsey v. Pfeiffer, 750 F.3d 273 (3d Cir. 2014) (fabrication of confession infected prosecutor's decision to initiate proceeding); Wright v. City of Philadelphia, 229 F.Supp.3d 322 (E.D. Pa. 2017) (Pratter, J.) (refusing to dismiss claim).

Hadlock also argues that the criminal proceeding was not terminated in favor of Skinner. This argument fails because abandoned or withdrawn charges are sufficient to satisfy this element of the claim. Robinson v. Robinson, 525 A.2d 367, 370 (Pa. Super. Ct. 1987) (citing Woodyatt v. Bank of Old York Rd., 182 A.2d 500, 501 (Pa. 1962)).

As to Hadlock's contention that her actions were not malicious, the Court finds that Skinner has pled sufficient facts to suggest that Hadlock fabricated and manipulated evidence that she used to initiate criminal proceedings against him, which can be construed as malicious given the timing of the civil case. Further discovery as to the initiation of the criminal proceedings is necessary.

The Court will deny the motion to dismiss as to the malicious prosecution claim.

### V. **CONCLUSION**

For the above reasons, the Court will GRANT the motion to dismiss as to the false arrest and false imprisonment claims and will DENY the motion as to the other claims. An appropriate order follows.