IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CLIFFORD SKINNER** <br><br> v. <br><br> **ANNA HADLOCK** | **CIVIL ACTION NO. 2:22-cv-3087-MMB** |
| **ANNA HADLOCK** <br><br> v. <br><br> **MINCEY FITZPATRICK ROSS LLC & CLIFFORD SKINNER** | **CIVIL ACTION NO. 2:23-cv-1870-MMB** |

### MEMORANDUM RE: MOTION FOR RECONSIDERATION

**Baylson, J.**                                                                                                           **January 23, 2024**

Pending before this Court is Mr. Skinner's Motion for Reconsideration of this Court's October 31, 2023 Order granting Ms. Hadlock's Motion to Quash Plaintiff [Skinner]'s Subpoenas to Deer Creek Psychological Associates ("Deer Creek") and Dartmouth-Hitchcock ("October 31 Order"). ECF No. 40.[1] For the following reasons, and because Mr. Skinner has not identified any newly discovered evidence or manifest error of law to reverse this Court's Order, the Motion will be denied.

I.   **RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Mr. Skinner filed an action against Ms. Hadlock alleging abuse of process, intentional infliction of emotional distress and malicious prosecution.[2] ECF No. 28 (Second Amended

---

[1] This Court consolidated the two related actions, 22-cv-3087 and 23-cv-1870, for discovery purposes. See ECF No. 27 (23-cv-1870). For purposes of this Memorandum, and because Mr. Skinner filed his Motion for Reconsideration and Reply only on the latter docket, all citations are to Hadlock v. Mincey Fitzpatrick Ross LLC et al., 23-cv-1870 unless otherwise noted.

[2] This Court granted Defendant Hadlock's Motion to Dismiss the Amended Complaint as to the false arrest and false imprisonment claims and denied the motion as to the abuse of process, intentional infliction of emotional distress and malicious prosecution claims. ECF No. 15 (22-cv-3087).

Complaint) (22-cv-3087). Ms. Hadlock separately filed an action against Mr. Skinner and Mincey Fitzpatrick Ross, LLC ("MFR"), his lawyers, alleging defamation and false light, arguing that Defendants' publication "has caused Plaintiff [Hadlock] irreparable harm to her reputation and business as well as mental suffering, shame, humiliation, physical and emotional distress." ECF No. 1, ¶ 68 (23-cv-1870). In its Order dated July 27, 2023, this Court consolidated these two actions for discovery purposes. ECF No. 50 (22-cv-3087); ECF No. 27 (23-cv-1870).

Mr. Skinner alleges that Ms. Hadlock falsely accused him of raping her in September 2018 while Ms. Hadlock was a student enrolled in the University of Pennsylvania's Masters of Social Work program. Mr. Skinner, who was a program counselor at a housing-for-the-homeless social work program and Ms. Hadlock's graduate assignment supervisor at the time, was arrested in January 2019 and incarcerated for nearly two years while awaiting trial. In December 2021, Mr. Skinner's criminal trial commenced; at the end of Ms. Hadlock's testimony and before the end of the prosecutor's case, the prosecutor moved to withdraw the case with prejudice due to new evidence produced at trial. The trial judge granted the motion and Mr. Skinner's criminal case was terminated. Mr. Skinner then brought the above claims against Ms. Hadlock.

On September 8, 2023, Mr. Skinner subpoenaed Deer Creek and Dartmouth-Hitchcock, seeking "[a]ny and all medical records related to treatment rendered to Anna Hadlock." See ECF No. 53, Ex. C (Def.'s Objections to Pl.'s Subpoenas), attached as Ex. A, B (22-cv-3087). Ms. Hadlock filed a Motion to Quash Plaintiff's Subpoenas to Deer Creek Psychological Associates and Dartmouth-Hitchcock. ECF No. 53 (22-cv-3087). Mr. Skinner filed a Response in Opposition. ECF No. 55 (22-cv-3087).

On September 29, 2023, during a telephone conference with counsel and this Court, Defendant Hadlock's counsel raised for the first time the Mental Health Procedures Act ("MHPA"), 50 P.S. § 7101 et seq. Ms. Hadlock's counsel suggested that this statute barred disclosure of Ms. Hadlock's medical records. This Court ordered Ms. Hadlock's counsel to secure and submit to this Court the medical records subpoenaed by Mr. Skinner for in camera review. ECF No. 56 (22-cv-3087). This Court further ordered Ms. Hadlock to submit a brief regarding the applicability of the MHPA by October 6, 2023, and Mr. Skinner to file a response brief by October 13, 2023. Id. Ms. Hadlock filed a Memorandum in Support of her Motion to Quash on October 6, 2023 ("Defendant MHPA brief"). ECF No. 58 (22-cv-3087). Mr. Skinner filed a response in opposition on the same day ("Plaintiff MHPA brief"). ECF No. 59 (22-cv-3087).

In its October 31 Order, this Court granted Ms. Hadlock's Motion to Quash the two subpoenas. ECF No. 63 (22-cv-3087); ECF No. 38 (23-cv-1870). On November 17, 2023, Mr. Skinner and co-defendant MFR filed a motion to file under seal select portions of their Motion for Reconsideration of this Court's October 31 Order, attaching the Motion for Reconsideration. ECF No. 39; ECF No. 40. This Court granted Mr. Skinner and MFR's motion to file select portions of their Motion for Reconsideration under seal. ECF No. 41. On December 1, 2023, Ms. Hadlock filed a motion to file under seal her Response in Opposition to Mr. Skinner's Motion for Reconsideration, attaching the Motion for Reconsideration. ECF No 42; ECF No. 43. Mr. Skinner then filed under seal a Reply brief on December 6, 2023. ECF No. 44.

## II. PARTIES' CONTENTIONS

Mr. Skinner and MFR argue that this Court was not previously made aware of at least two pieces of information:

1. Ms. Hadlock served Initial Disclosures highlighting her intent to pursue emotional distress damages in this case;

2. Prior to filing her lawsuit against Mr. Skinner and MFR, Ms. Hadlock filed a lawsuit against other parties based on the same underlying conduct, in which she sought recovery for "extreme physical suffering and mental anguish,…loss of life's pleasures, embarrassment and fear.
   In that case, Ms. Hadlock did not raise an MHPA defense and instead "permitted the full exploration of her mental health history, including two days of deposition testimony."

ECF No. 40-1 at 8.  Mr. Skinner and MFR argue that Ms. Hadlock cannot now invoke the MHPA's protection when she waived it by "litigating her mental health history" and "putting her mental health history squarely at issue in this case." Id.  Mr. Skinner and MFR ask that this Court grant their Motion for Reconsideration, vacate the October 31 Order, and permit MFR and Mr. Skinner to "subpoena, review, and use, in discovery and at trial, Plaintiff Hadlock's mental health history."  ECF No. 40-1 at 5.  In the alternative, to the extent this Court allows Ms. Hadlock to invoke the protections of the MHPA, Mr. Skinner and MFR asks that Ms. Hadlock be precluded from "seeking, recovery, or presenting evidence about her alleged emotional distress." Id.

In her Response in Opposition, Ms. Hadlock argues that:

1. The controlling legal standard on a motion for reconsideration precludes the relief that Mr. Skinner and MFR seek because Mr. Skinner obtained Ms. Hadlock's initial disclosures on August 4, 2023, and thus had the opportunity to include them in the initial

    response to Ms. Hadlock's Motion to Quash, but failed to do so, and thus this is not "new evidence." ECF No. 43-1 at 6.

2. Mr. Skinner and MFR failed to identify any newly discovered evidence or demonstrate any manifest errors of law to establish that the subpoenaed medical records, which date back approximately five years before Skinner and Hadlock ever met, are relevant to the present action. Id. at 6-7.

3. Ms. Hadlock never waived her privilege under the MHPA to the documents that Mr. Skinner subpoenaed and never placed her mental condition at issue in this case. Id. at 8.

4. This Court's holding that the subpoenaed medical records are irrelevant and protected by the MHPA does not bar Ms. Hadlock from seeking emotional distress damages. Id. at 9-10.

In their Reply, Mr. Skinner and MFR asserts that Ms. Hadlock failed in her Response to reference her prior lawsuit, Jane Doe v. DePaul USA, Inc., De Paul International, and the Trustees of the University of Pennsylvania, filed in the Philadelphia Court of Common Pleas on December 28, 2018, in which she sought emotional distress damages, was represented by the same lawyers, and "her mental health was fully explored, without objection based on the Mental Health Procedures Act (MHPA)." ECF No. 44 at 1-2. Mr. Skinner and MFR argue that this prior lawsuit was "new evidence" brought to this Court that had not previously been disclosed by Ms. Hadlock's counsel. Id. at 2.

III.    **LEGAL STANDARD**

    "The purpose of a motion for reconsideration is 'to correct manifest errors of law or fact or to present newly discovered evidence.'" Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (quoting Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)).

Accordingly, "[d]isagreement with the Court's ruling is not proper grounds for a motion for reconsideration." Smith v. Unilife Corp., 2015 WL 115581, at *1 (E.D.Pa. Jan. 7, 2015) (Baylson, J.). Further, a motion for reconsideration "is not to be used to give a litigant a 'second bite at the apple,' nor may it be used to rehash arguments which have already been briefed by the parties and considered and decided by the court." Johnson v. BB&T Corp., 2018 WL 1518618, at *2 (E.D.Pa. Mar. 28, 2018) (Joyner, J.) (quoting Bhatnagar v. Surrendra Overseas, Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995)).

Rather, "[a] judgment may be altered under Rule 59(e) if the party seeking reconsideration shows at least one of the following: '(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion…; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.'" In re Vehicle Carrier Sers. Antitrust Litig., 846 F.3d 71, 87 (3d Cir. 2017) (quoting Howard Hess Dental Labs., Inc. v. Dentsply Int'l, Inc., 602 F.3d 237, 251 (3d Cir. 2010)).[3] "Because federal courts have a strong interest in finality of judgments, motions for reconsideration should be granted sparingly." Douris v. Schweiker, 229 F. Supp. 2d 391, 408 (E.D.Pa. 2002) (Baylson, J.) (citation and internal quotation marks omitted); see also Johnson, 2018 WL 1518618, at *2 ("Third Circuit law is fairly clear that [m]otions for reconsideration under Fed. R. Civ. P. 59(e)…are to be granted sparingly because of the interests in finality and conservation of scarce judicial resources.").

---

[3] Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." While a Motion to Quash is "not a final, appealable order that conclusively resolves all of the claims at issue in this case[,]" courts in this Circuit "tend to apply the standard of review for a motion to reconsider under Rule 59(e)" even when, as here, a motion for reconsideration is brought pursuant to a court's "inherent power over interlocutory orders." McCowan v. City of Philadelphia, 2021 WL 149253, at *2, n.2 (E.D.Pa. Jan. 15, 2021) (citing Askew v. R.L. Reppert, 2016 WL 749945, at *1 (E.D.Pa. Feb. 26, 2016)).

## IV. DISCUSSION

In its Memorandum accompanying its October 31 Order (ECF No. 37), this Court limited its analysis and findings to the subpoenaed medical records which were the subject of Ms. Hadlock's Motion to Quash.  More specifically, this Court held:

> This Court agrees with Defendant Hadlock that the one line in question—where Defendant Hadlock alleges that Defendants' publication "has caused Plaintiff [Hadlock] … mental suffering, shame, humiliation, physical and emotional distress"– is insufficient to waive completely the privilege protections afforded by the MPHA and warrant disclosure of all her past medical records to Defendant Skinner.  The subpoenas at-issue were general and very broad, seeking "[a]ny and all medical records related to treatment rendered to Anna Hadlock," with no limitation in terms of temporal scope. Plaintiff Skinner has not provided evidence sufficient to show that the information contained in Defendant Hadlock's medical records—all of which are dated more than five years before Plaintiff Skinner and Defendant Hadlock met and this cause of action arose—is relevant, not discoverable by other means, and warrants disclosure.

ECF No. 37 at 7.  Mr. Skinner and MFR have offered neither new evidence nor proof of manifest error of law to warrant vacating this Court's decision with respect to these two subpoenas.  Ms. Hadlock is correct that her initial disclosures, which Mr. Skinner obtained on August 4, 2023—more than a month before Mr. Skinner filed his Response in Opposition to Ms. Hadlock's Motion to Quash on September 27, 2023—is not "newly discovered evidence."  Mr. Skinner and MFR additionally argue, without any legal citations, that Ms. Hadlock waived the protections afforded by the MHPA by not raising an MHPA defense in a prior lawsuit (to which Mr. Skinner was not a party) and instead "permitting the full exploration of her mental health history, including two days of deposition testimony." ECF No. 40-1 at 8.  This Court's October 31 Order did not opine on whether Mr. Skinner and MFR may ask Ms. Hadlock about her mental health in deposition; rather, the Court's order was narrowly tailored in scope to quash subpoenas to two

entities, one of which had no record of treating Ms. Hadlock as a patient.[4]  Upon <u>in camera</u> review of the records of the second entity, Dartmouth-Hitchcock, this Court determined that these records, which dated more than five years before this cause of action arose, are irrelevant. This Court's determination has not changed.  Mr. Skinner and MFR ask, to the extent this Court allows Ms. Hadlock to invoke the protections of the MHPA, that she be precluded from seeking, recovering, or presenting any evidence about her alleged emotional distress.  The fact that Mr. Skinner and MFR cannot access Ms. Hadlock's Dartmouth-Hitchcock medical records under the MHPA is not grounds for precluding Ms. Hadlock from presenting any evidence of emotional distress at trial or seeking emotional distress damages. This Court finds no reason, at this stage in the proceedings, to foreclose this avenue of relief entirely.

In sum, Mr. Skinner and MFR have not identified any new evidence or manifest error of law to vacate this Court's decision in its October 31 Order, and the Motion for Reconsideration must be denied.

## V. CONCLUSION

For the foregoing reasons, Mr. Skinner's Motion for Reconsideration is denied.  An appropriate order follows.

O:\CIVIL 22\22-3087 Skinner v. Hadlock\22cv3087 and 23cv1870 Skinner v. Hadlock Motion for Reconsideration Memo.docx

---

[4] This Court's October 31 Order made clear that the records "reveal that Defendant Hadlock did not receive any patient care at Deer Creek, and as such, there are no discoverable records from Deer Creek at-issue here." ECF No. 37 at 6.